Hugh F. Warner *vs.* Oscar M. Brooks.

Evidence that a person is reputed to deal illegally in intoxicating liquors is inadmissible to show that such is his occupation.

The recitals in a mortgage are competent evidence to prove the consideration of the note described therein.

ACTION on a promissory note payable to Thompson & Warner, and indorsed by them to the plaintiff. Answer, that the defendant made no such note, and if he did, the consideration was intoxicating liquors, and the plaintiff knew it. Trial in the court of common pleas in Bristol at December term 1858, before *Briggs*, J., who signed this bill of exceptions:

" The plaintiff proved the signature of the defendant by one witness. For the purpose of showing the occupation of the defendant to be that of selling intoxicating liquors illegally, the defendant asked said witness, whether or not the defendant was reputed to deal illegally in intoxicating liquors. The plaintiff objected to the question, and the objection was sustained.

" The plaintiff then offered a mortgage of the defendant to Thompson & Warner, conditioned to pay the note declared on,

to prove the consideration of the note. The defendant objected to reading it in evidence, as incompetent and immaterial. The court overruled the objection, and it was read in evidence in the case. To these rulings, after verdict for the plaintiff, the defendant excepts."

*J. Brown*, for the defendant.

*C. I. Reed*, for the plaintiff.

HOAR, J. 1. The occupation of the defendant could not be proved to be that of selling intoxicating liquors, by evidence that he was reputed to deal in them. The defendant's counsel now argues that such reputation would be one kind of circumstantial evidence, tending to show that the plaintiff had notice of the consideration of the note. But that was not the purpose for which the evidence was offered, as the bill of exceptions states. It was offered, not upon any question of notice or knowledge, but as direct evidence of the fact of which such reputation existed, and was rightly rejected.

2. The plaintiff offered a mortgage of the defendant, conditioned to pay the note declared on, to prove the consideration of the note. The defendant excepts to the admission of this evidence, as incompetent and immaterial. But the recitals in a deed signed by the defendant, being statements under his own hand, are clearly a competent species of evidence against him; and whether they were material and relevant or not, we have no means of determining, as they are not stated in the exceptions. As the plaintiff at the trial insisted, and now insists, that they were material, and as the presiding judge so decided, and the defendant has not brought them before us to show the contrary his exception is not sustained.

*Exceptions overruled.*